FILED UNDER SEAL

FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

2025 APR 23  A  9: 32

| | |
|---|---|
| Yu Chen, | |
| **Plaintiff,** | |
| **v.** | Civil Action No. 1:25-cv-____ |
| **THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,** | |
| **Defendants.** | |

## VERIFIED COMPLAINT

Plaintiff Mr. Yu Chen ("Plaintiff"), by his undersigned counsel, alleges as follows for his Complaint against Defendants in "Schedule A."

### THE NATURE OF THIS ACTION

1.    Plaintiff brings this action against Defendants pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Design Patent No. D988,941 S ("the 'D941 Patent," Exhibit A), entitled "Walker," which was issued on June 13, 2023. The 'D941 Patent protects an ornamental design for a walking aid for people with limited mobility, shown in the claim of Figures 1-7 of the 'D941 Patent. A true and correct copy of the 'D941 Patent is attached as Exhibit A.

### THE PARTIES

2.    Plaintiff is an individual and resident of China with a principal place of business at Ybin, Sichuan, P.R.China. Plaintiff is the inventor and sole owner of the 'D941 Patent with the right to enforce its claims. Plaintiff granted license(s) to certain e-commerce stores on

1

FILED UNDER SEAL

Amazon.com to sell his patented products under the 'D941 Patent to consumers in the United

States including those in the Commonwealth of Virginia.

     3.     Defendants identified in the attached Schedule A are all believed to be

individuals, companies, and unincorporated business associations who, upon information and

belief, reside in foreign jurisdictions. Defendants sell counterfeit products on the Amazon.com

and other Internet retail platforms to consumers through commerce in the United States and in

Virginia. Defendants' counterfeit products infringe the 'D941 Patent and are in direct

competition with Plaintiff's patented walker.

## JURISDICTION AND VENUE

     4.     This is an action for patent infringement arising under the laws of the United

States, 35 U.S.C. §271 et seq.

     5.     This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C.

§§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

     6.     This Court has Personal jurisdiction over non-U.S. based Defendants because they

have supplied their products into commerce in the United States and this district and under the

Federal Long Arm Rule, FRCP 4(k)(2):

(k)Territorial Limits of Effective Service (2) *Federal Claim Outside State-Court Jurisdiction.*
For a claim that arises under federal law, serving a summons or filing a waiver of service
establishes personal jurisdiction over a defendant if:

(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

(B) exercising jurisdiction is consistent with the United States Constitution and laws.

     7.     Defendants conduct their operations through fully interactive commercial

websites hosted on various e-commerce platforms including Amazon.com ("Infringing

Webstores"). Each Defendant targets consumers in the United States, including in Virginia, and

2

FILED UNDER SEAL

has offered to sell and, on information and belief, has sold and continues to sell infringing products ("Accused Products") that practice the claim of the 'D941 Patent to consumers within the United States, including Virginia and Eastern District of Virginia. For example, the Accused Products may be purchased by Virginia residents using the Amazon "Prime" online order systems for delivery in this district.

8.    Defendants from outside the United States have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

9.    Through their operation of the Infringing Webstores, Defendants are directly and personally engaging in the importation, offer for sale, and sale of Accused Products as alleged, oftentimes as partners and/or suppliers. On information and belief, Defendants may intentionally or otherwise conceal their identities and the full scope of their infringing operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' infringing acts.

10.    Venue is proper in this Court against non-U.S. based Defendants under 28 U.S.C. § 1391 (c)(3) and 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. For purposes of venue regarding cases against foreign corporations, general federal statutes are applicable. This Court is a proper venue for a case against non-U.S. based Defendants as well as any judicial district in any state to which they are subject to personal jurisdiction.

11.    This Court has personal jurisdiction over Defendants and venue is proper pursuant to Va. Code Ann. § 8.01-328.1 (1950). Personal jurisdiction exists over Defendants because Defendants have minimum contacts with this forum as a result of business regularly conducted within the Commonwealth of Virginia and within this district, and, on information and belief,

3

FILED UNDER SEAL

specifically as a result of, at least, committing the tort of patent infringement within Virginia and
this District. This Court has personal jurisdiction over Defendants, in part, because Defendants
do continuous and systematic business in Virginia, including by providing Accused Products and
services to the residents Virginia through fully interactive websites that allow Accused Products
to be purchased by Virginia residents and shipped to addresses in Virginia. Defendants knew the
Accused Products would be used within Virginia, and have solicited business from the residents
of Virginia using the Amazon.com e-commerce platform.

## BACKGROUND AND GENERAL ALLEGATIONS

12.    Plaintiff owns and operates a well-known company in the industry that focuses on
the design, research and development, production, sales and service of walkers for rehabilitation
of persons with limited mobility. He focuses on the research and development of new products,
continuously updates new models, owns multiple patents, and he mainly deals in various types of
walkers, crutches, motorized scooters for elderly and the disabled, and auxiliary handrails.

13.    Plaintiff's commercial walker product that is protected by the 'D941 Patent is the
result of significant investment and resources on the R&D design and commercial production.
The research and development result of Plaintiff's commercial "walker" device sold under the
'D941 Patent is an attractive design for a retractable walker that provides stable support for
people with limited mobility (such as the elderly, rehabilitation patients or disabled people), and
to assist in getting up and sitting down.

14.    Plaintiff develops, markets, sells and distributes his patented products under
the 'D941 Patent.  Plaintiff's patented design has been the subject of substantial and continuous
marketing and promotion. Plaintiff has and continues to widely market and promote the patented
products in the industry and to consumers.  By way of example, but not limitation, they are

4

FILED UNDER SEAL

promoted, marketed and sold on Plaintiff's authorized sellers' websites, social media sites, and on the Amazon platform.

15.    Among the purchasing public, Plaintiff's patented products are *instantly recognizable as such* and are known for their *distinctive patented design*. This design is well recognized by consumers.

16.    Plaintiff's commercial embodiment is a multi-functional walker with aspects advantageous to the elderly or disabled. It is a walking aid with adjustable height and width, which is lightweight, so it is easy to carry and foldable when stored. It provides stable support for people with limited mobility (such as the elderly, rehabilitation patients or disabled people), and to assist them in getting up and sitting down.

17.    Out of consideration for aesthetics of the walker, the Plaintiff applied a more attractive shape to his design, using two front cross-bars, two side supports in extended upside-down "U" shapes, each with swept backed arm rests that cover the entire length of the top of the side support portions, where the arm rests themselves create another U-shaped look with a downward flow.  The inventor believed that consumers could recognize and remember this design as unique for a walker by providing a visually pleasing appearance. The inventor selected the sloped, U-shaped side supports and arm rest designs, and double-front crossbar design from infinite designs, and he cleverly integrated the shape of the handles into the functional features of the walker, which stands out to consumers among the many designs for walkers. This type of product has high memory points and recognition by consumers. For example, after browsing the product, a consumer can quickly remember this walker because of its unique shape and full-length arm rests joined by double crossbars. The patented walker has a simple and elegant appearance, full of beauty, and can play a role in assisting or rehabilitating the elderly, disabled,

5

FILED UNDER SEAL

or injured.

18.    Plaintiff also invested valuable resources into the original production process of his walker device. The production process of this product includes the collection of relevant technical information, design ID, mold opening, sampling, drawing data formulation, operation standard formulation, and effective control and verification of the product design process to ensure that the product design is carried out under a controlled state and that the product design quality meets the user's (explicit and potential) requirements. Based on the above, the product has become popular in the domestic and foreign markets as soon as it was launched on the market. The patented walker is distributed and supplied through, and has a considerable market share and popularity on, major platforms such as Amazon, International Station, Taobao, Tmall, Xiaohongshu, Douyin, Kuaishou, etc.

19.    In the past year, Plaintiff has discovered a significant number of knock-off products for sale on online sales platforms such as Amazon.com, Temu.com, Walmart.com, Aliexpress.com, Alibaba.com and Shein.com. Plaintiff has instituted a campaign to police knock-off and infringing walker products in China and the United States where most of the infringing walkers are being offered for sale and sold. As his products entered the U.S. market, Plaintiff started his intellectual property enforcement efforts against infringing products by filing and obtaining his U.S. Patent.

20.    Specifically related to this action, Plaintiff applied for the 'D941 Patent in the U.S. for which one embodiment protects the ornamental aspects of its commercial embodiment. Plaintiff also directly sells, domestically and internationally, including within the Eastern District of Virginia ("Plaintiff's Products"), walkers that are commercial embodiments made under the 'D941 Patent. As a result of the success of Plaintiff's Products, Defendants have flooded the

6

FILED UNDER SEAL

online market with sales of Accused Products in violation of Plaintiff's intellectual property rights and have irreparably damaged, and are continuing to irreparably damage, Plaintiff. Plaintiff has not authorized or licensed any of the Defendants named in this action to import, offer to sell, or sell products made according to the claim of the 'D941 Patent.

21.     Plaintiff maintains quality control standards for all of his products sold under the 'D941 Patent. Genuine Plaintiff's Products are sold directly by Plaintiff to consumers through online sales platforms such as Amazon.com. Prior to the flood of Accused Products entering the market, sales of Plaintiff's walkers via legitimate webstores represented a significant portion of Plaintiff's business.

22.     Upon information and belief, many of the Accused Products are manufactured by factories based in China and sold wholesale either directly or through China-based e-commerce platforms. For example, sellers on Amazon.com purchase Accused Products in bulk from the factory or the Chinese e-commerce sites to sell on Infringing Webstores.

**THE PATENT**

23.     On June 13, 2023, United States Patent No. D988,941, entitled "Walker" was duly and legally issued by the United States Patent and Trademark Office from Application No. 29/708,547, filed on October 8, 2019. The 'D941 Patent claims patent-eligible subject matter and is valid and enforceable. Plaintiff is the exclusive owner of the 'D941 Patent and has the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the 'D941 Patent. Defendants are not licensed to the 'D941 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the 'D941 Patent whatsoever.

24.     The 'D941 Patent is presumed valid under 35 U.S.C. § 282.

7

FILED UNDER SEAL

25.    The claim of the 'D941 Patent is directed to a walker. The Accused Products

infringe the clam of the 'D941 Patent, as set forth below and in the claim charts attached as

Exhibit B. Representative Figures 1 and 2 of the 'D941 Patent are shown below:



## INFRINGEMENT

26.    Defendants have purposely advertised, marketed, promoted, offered for sale,

sold, distributed, manufactured, and/or imported and intend to continue to advertise, market,

promote, offer for sale, sell, distribute, manufacture, and/or import Accused Products to directly

compete with Plaintiff that violate Plaintiff's patent rights.  These devices are sold on the

Amazon.com platform using Infringing Webstores. Defendants' infringement is causing

irreparable harm to Plaintiff, thereby forcing Plaintiff to bring this lawsuit to protect his

intellectual property.

8

FILED UNDER SEAL

27.    Defendants have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, the claim of the 'D941 Patent by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products. Defendants' infringing products include at least walkers made according to the 'D941 Patent, exemplary figures of which are shown below from Defendant #1:



FILED UNDER SEAL

28.     Exhibit B includes exemplary claim charts of Accused Products from Defendants that infringe the 'D941 Patent as well as and examples that demonstrate the correspondence of the Accused Products with elements of claim 1 of the 'D941 Patent. The charts are submitted as examples of the ornamental designs of Defendants that all include similar claimed components. Plaintiff reserves the right to modify the charts as part of Plaintiff's infringement contentions.

29.     Defendants have infringed, and continue to infringe, claim 1 of the 'D941 Patent under 35 U.S.C. § 271(a) making, using, offering to sell, selling and/or importing into the United States, devices for walkers, which infringe the asserted claim 1, in the United States. Defendants continue to manufacture, use, offer to sell, sell, and import Accused Products.

30.     The Accused Products are infringing devices and thus directly infringe 'D941 Patent claim.

31.     The 'D941 Patent claim is also infringed under 35 USC § 271(a) when an accused product is "used" by Defendants as a walker.

32.     Upon information and belief, Defendants have directly infringed the claim of the 'D941 Patent under 35 USC §271(a):

> "(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused activity including making, using, offering to sell, selling and importing Accused Products in the United States.

33.     Defendants do not have a license or authority to import, make, use, or sell goods under the 'D941 Patent. Upon information and belief, Defendants have no good faith defense to Plaintiff's infringement allegations.

34.     Defendants continue to infringe the claim of the 'D941 Patent.

10

FILED UNDER SEAL

35.    Plaintiff has marked his Plaintiff's Products with notices of the 'D941 Patent.

36.    As a result of Defendants' infringement of the 'D941 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined.

37.    Defendants, without authorization or license from Plaintiff, continue to infringe the claim of the 'D941 Patent in connection with the advertisement, offer for sale, and sale of the Accused Products, through, *inter alia*, the Internet. Each Infringing Webstore offers shipping to the United States, including Virginia, and, on information and belief, each Defendant has sold Accused Products into the United States, including Virginia. The Defendants are continuing to offer to sell and sell Accused Products at least via Amazon.com.

38.    The Defendants have been willfully infringing the 'D941 Patent since at least as early as they became aware of the 'D941 Patent. On information and belief, Defendants have no good faith defense to Plaintiff's infringement allegations and have refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, Defendants have intentionally continued their knowing infringement.

39.    Many sellers on Amazon.com go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate the Infringing Webstores. For example, on information and belief, Defendants regularly create new Webstores on the Amazon.com platform using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operations and to prevent the Infringing Webstores from being disabled.

40.    Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the 'D941 Patent unless

11

FILED UNDER SEAL

preliminarily and permanently enjoined.

41.    Plaintiff has no adequate remedy at law.


## COUNT ONE
## INFRINGEMENT OF UNITED STATES Patent No. D988,941
## (35 U.S.C. § 271)

42.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

43.    Plaintiff is the owner of the 'D941 Patent, with all substantive rights in and to that patent, including the sold and exclusive right to prosecute this action and enforce the 'D941 Patent against infringers, and to collect damages for all relevant items.

44.    Defendants have, either alone or in concert, infringed directly or by the doctrine of equivalents, and continue to directly infringe, claim 1 of the 'D941 Patent by making, using, offering to sell, selling and importing the Accused Products in the United States in violation of 35 U.S.C. § 271(a).

45.    As evidenced in the claim charts of Exhibit B, the designs of Defendants' Accused Products are substantially the same as the design of the 'D941 Patent. The designs are so similar as to be nearly identical such that an ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase the Accused Products believing it to be substantially the same as the design protected in the 'D941 Patent.

46.    As a result of Defendants' infringement of the 'D941 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable

FILED UNDER SEAL

royalty.

47.     Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the 'D941 Patent unless preliminarily and permanently enjoined. Plaintiff is entitled to relief under 35 U.S.C. § 289.

48.     The Defendants have infringed the 'D941 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

For a judgment declaring that Defendants have infringed the 'D941 Patent;

For a judgment declaring that Defendants' infringement of the 'D941 Patent has been willful;

For a grant of a preliminary and permanent injunction pursuant to 35 U.S.C. §350, enjoining the Defendant from further acts of infringement;

For a judgment awarding Plaintiff compensatory damages as a result of Defendants' infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the 'D941 Patent in an amount to be determined at trial;

For a judgment and order awarding the extent of each Defendant's total profit;

For a judgment declaring that the Defendants' infringement was willful and for enhancement of damages in accordance with 35 U.S.C. § 284;

That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily, and

13

FILED UNDER SEAL

permanently enjoined and restrained from:

> using the claim of the 'D941 Patent in connection with the distribution, advertising, offer for sale, and/or sale of merchandise that are not the genuine products of the Plaintiff;

> committing any acts calculated to cause consumers to believe that Defendants' Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

> further infringing the Plaintiff's patent rights;

> shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing, or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff, to be sold or offered for sale, and that bear the Designs or any reproductions, counterfeit copies, or colorable imitations thereof;

> using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Webstores, listings, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Accused Products infringing the 'D941 Patent;

> For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

FILED UNDER SEAL

Date: April 22, 2025

Respectfully submitted,

___/s/___ Kendal M. Sheets
Kendal Sheets (VSB No. 44537)
ksheets@dnlzito.com
Tel: 703-489-8937
Joseph J. Zito (*pro hac pending*)
jzito@dnlzito.com
Tel. (202) 466-3500
DNL ZITO CASTELLANO PLLC
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*

Verified by: _Yu Chen_____

**Yu Chen**