IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| YU CHEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-00696 (CMH/WBP) |
| | ) |
| THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Plaintiff's *ex parte* Motion for Service of the Complaint by Email. ("Motion"; ECF No. 4.) For the below reasons, Plaintiff's Motion is GRANTED.

Plaintiff has alleged that Defendants are unknown individuals, companies, and unincorporated business associations who reside in China and conduct online sales on Amazon.com ("Webstores"). (ECF No. 5 at 2.) Plaintiff's Motion requests that the Court grant it leave to serve process on Defendants electronically using the email addresses supplied by Defendants to Amazon for communications relating to their Webstores accounts. (*Id*.)

To serve an individual in a foreign country, a plaintiff must comply with constitutional due process notice requirements and Federal Rule of Civil Procedure 4(f). *See WhosHere, Inc. v. Orun*, No. 1:13-CV-00526-AJT, 2014 WL 670817, at *2 (E.D. Va. Feb. 20, 2014). To satisfy the constitutional due process notice requirements, service must be "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Federal Rule of Civil Procedure 4(f) permits a plaintiff to serve process on an individual in a foreign

country in three ways, including "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(3). The Court has discretion when ordering service of process under Rule 4(f)(3), and if the Court exercises that discretion, it should try to order a method of service consistent with constitutional requirements and that "minimizes offense to foreign law." *BP Prod. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 271-72 (E.D. Va. 2006) (internal quotations omitted).

Courts may look to international agreements such as the Hague Convention to determine whether a method of service offends foreign law. *See e.g.*, *DAG Ammo Corp. v. KM Trade d.o.o.*, No. 3:21CV332 (DJN), 2021 WL 7933706, at *2 (E.D. Va. June 4, 2021). Service of process by email does not violate the Hague Convention or other international agreements, "unless specifically objected to by the country of the foreign individual to be served." *Overstock.com, Inc. v. Visocky*, 2018 WL 5075511, at *3 (E.D. Va. Aug. 23, 2018). But the Hague Convention does not apply if the address of the person to be served is unknown. *See BP Prod. N. Am., Inc.*, 236 F.R.D. at 264. In those cases, courts have held that service of process by email satisfies constitutional due process. *See Juul Labs, Inc. v. Unincorporated Ass'n Identified in Schedule A*, No. 18-CV-01516 (LO/IDD), 2019 WL 4419337, at *2 (E.D. Va. Aug. 15, 2019), *report and recommendation adopted sub nom. Juul Labs, Inc. v. Unincorporated Associations Identified in Schedule A*, No. 1:18-CV-1516, 2019 WL 4418805 (E.D. Va. Sept. 16, 2019).

Plaintiff seeks leave of Court to serve Defendants by email because (1) Defendants have provided no name or address information on their Webstores and Plaintiff does not otherwise know where they reside, and (2) Defendants rely mainly on electronic communications to communicate with customers who use their Webstores. (ECF No. 5 at 2.)

2

Plaintiff contends that service of process by email will satisfy constitutional due process requirements because it will provide Defendants with immediate notice that this action is pending (*id.* at 3-4) and because it is the method most likely to reach Defendants because Defendants communicate with their Webstore customers about purchases and shipments of products using email (*id.*). Plaintiff argues therefore that, because Defendants actively use the email addresses identified on their Webstores, they should receive service of process through these email addresses, which will put them on notice of this case. (*Id.* at 3-5.)

Because service of process by email has been found to provide constitutionally adequate notice of lawsuits, *see, e.g.*, *WhosHere, Inc.*, 2014 WL 670817, at *4, and because Plaintiff has shown that it is the most likely mechanism to provide Defendants with notice of this action, the Court GRANTS Plaintiff's Motion. In this case, service of process by email is reasonably calculated to provide Defendants with notice of this action and is allowed under Federal Rule of Civil Procedure 4(f)(3). Therefore, it is hereby

ORDERED that Plaintiff's Motion is GRANTED; and it is further

ORDERED that Plaintiff may serve Defendants by email. Each email should contain a summons, a copy of the Complaint, and a copy of this order; and it is further

ORDERED that, after Plaintiff has served Defendants with the summons, the Complaint, and this order, Plaintiff must file a notice of service with the Clerk's office affirming compliance with this order and indicating the date each email was sent to each Defendant.

Entered this 28th day of April 2025.

_____

William B. Porter
United States Magistrate Judge

Alexandria, Virginia