IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| YU CHEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-00696 (CMH/WBP) |
| | ) |
| THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A, | ) ) ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Plaintiff Yu Chen's *ex parte* Motion for Expedited Discovery. ("Motion"; ECF No. 6.) For the following reasons, Plaintiff's Motion is GRANTED.

As alleged in the Complaint, Plaintiff is the exclusive owner of a patent that protects a design for a walking aid for people with limited mobility. (ECF No. 1 ¶¶ 1-2.) Plaintiff has alleged that Defendants are foreign individuals, companies, and unincorporated business associations who have been making and selling counterfeit versions of Plaintiff's product. (*Id.* ¶ 3.) Plaintiff alleges that Defendants sell their counterfeit products on Amazon.com ("Amazon") and, because Amazon does not require sellers to identify their true names and contact information, Defendants' names, identities, and addresses are unknown. (ECF No. 3 at 2.) In its Motion, Plaintiff asks the Court to grant it leave to serve expedited third-party discovery on Amazon solely to seek Defendants' identities, sales information, and the location and value of Defendants' financial accounts with Amazon. (*Id.* at 2-3.) Thus, Plaintiff is asking the Court for leave to serve a Federal Rule of Civil Procedure 45 subpoena on Amazon.

While the Federal Rules of Civil Procedure prohibit parties from engaging in discovery of any type before a Rule 26(f) conference, FED. R. CIV. P. 26(d)(1), courts in the Fourth Circuit have allowed parties to serve third-party subpoenas before the 26(f) conference if the movant can show that "good cause" exists. *See Moore v. Doe*, No. 1:19-cv-01018-LMB-MSN, 2019 WL 13294603, at *1 (E.D. Va. Sept. 13, 2019) ("Plaintiff established that 'good cause' exists for it to serve a third-party subpoena.").

The "well-established" test for determining good cause consists of five factors: "(1) a concrete showing of a *prima facie* claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information; and (5) the party's expectation of privacy." *Strike 3 Holdings*, 2023 WL 8720700, at *1 (citing *LHF Prods., Inc. v. Does 1-5*, No. 1:17-cv-00151-MR, 2017 LW 2960789, at *1 (W.D.N.C. July 11, 2017) and quoting *Sony Music Ent. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)). These five factors justify allowing Plaintiff to issue a Rule 45 subpoena on Amazon.com before the Rule 26(f) conference solely to discover Defendants' identities, sales information, and location and value Defendants' financial accounts with Amazon.

First, Plaintiff's Complaint states a *prima facie* claim for patent infringement, including allegations that Plaintiff owns the patent at issue and Defendants make and sell counterfeit products that look like Plaintiff's product. (ECF No. 1 ¶¶ 23-41.) Second, Plaintiff's proposed expedited discovery order serves only to discover the number of sales and the amount of money held by Amazon for each Defendants, as well as any name, email address, address, telephone number, and bank account associated with the Amazon accounts. (ECF No. 6-1.) Third, Plaintiff has no other way of identifying Defendants other than by court order granting Plaintiff leave to

serve a Rule 45 subpoena. Fourth, the information sought is necessary to effect service on Defendants.

Finally, Defendants' expectation of privacy is of minimal significance because Plaintiff seeks limited discoverable information. *See Apothecary Prod. LLC v. Doe*, No. 19-CV-2278 (PJS/HB), 2019 WL 13471384, at *3 (D. Minn. Sept. 24, 2019) (holding that expectation of privacy was minimally significant in a patent infringement case because the plaintiff requested limited contact information from a third-party webstore).

For these reasons, the Court finds that good cause exists to allow Plaintiff to serve a Rule 45 subpoena on Amazon.com before the Rule 26(f) conference. Accordingly, it is therefore

ORDERED that Plaintiff's Motion is GRANTED; and it is further

ORDERED that Plaintiff may immediately serve a Rule 45 subpoena on Amazon sufficient to discover the amount of money held by Amazon in accounts associated with Defendants, as well as any name, email address, address, telephone number, and bank account associated with these Amazon accounts.

Entered this 28th day of April 2025.

_____

William B. Porter
United States Magistrate Judge

Alexandria, Virginia

3